Andrew C. Brassey, ISB No. 2128
John M. Howell, ISB No. 6234
BRASSEY, WETHERELL & CRAWFORD LLP
203 W. Main Street
P.O. Box 1009
Boise, Idaho 83701-1009
Telephone: (208) 344-7300
Facsimile: (208) 344-7077

Attorneys for County of Boise

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF BOISE,<br><br>        Defendant. | Case No. 1:09-CV-00004<br><br><br>**ANSWER TO COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendant, County of Boise, by and through their counsel of record and, hereby answer and respond to Plaintiff's Complaint and Demand for Jury Trial (hereinafter "Plaintiff's Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Defendant denies each and every allegation contained in Plaintiff's Complaint not herein expressly and specifically admitted.

### I.

Defendant is without knowledge as to the truth or veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint. Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion to which no response is necessary.

### II.

With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant denies that it violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (FHA)

### III.

The allegations contained in Paragraph 5 of Plaintiff's Complaint are vague, and, therefore, Defendant denies the same.

### IV.

With respect to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff submitted an application to the Boise County Planning and Zoning Commission on or about April 19, 2007. The application speaks for itself. Defendant denies the remaining allegations contained therein.

### V.

Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint. With respect to Paragraph 8, Defendant admits only that members of the public voiced opposition to

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2

Plaintiff's application, but denies the remainder of the allegations contained therein. Defendant is without knowledge as to the truth or veracity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

## VI.

With respect to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that Boise County Planning and Zoning arrived at a 3 to 3 tie vote on Plaintiff's application, but deny the remainder of the allegations contained therein. With respect to Paragraph 11 of Plaintiff's Complaint, Defendant admits only that the Planning and Zoning Commission issued a written decision on or about September 28, 2007, and the decision speaks for itself. Defendant denies the remainder of the allegations contained therein. With respect to Paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff appealed and the appeal speaks for itself. Defendant denies the remainder of the allegations contained therein. With respect to Paragraph 13 of Plaintiff's Complaint, Defendant admits that a hearing was held on January 28, 2008, but denies the remainder of the allegations contained therein. With respect to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that a hearing was held on March 10, 2008 but denies the remainder of the allegations contained therein. With respect to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that the Boise County Board of Commissioner's issued a written decision on or about April 21, 2008 which speaks for itself. Defendant denies the remainder of the allegations contained therein.

## VII.

With respect to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant is without knowledge as the truth or veracity of the allegations pertaining to the economic

feasibility of the proposed RTC. As to the remainder of the allegations contained therein, Defendant denies the same. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## VIII.

Paragraphs 18 and 19 of Plaintiff's Complaint call for legal conclusions to which no response is necessary.

## THIRD DEFENSE

Plaintiff has failed to mitigate damages, if any. By asserting this defense, Defendant does not admit that Plaintiff has been damaged.

## FOURTH DEFENSE

Plaintiff has waived or is estopped from asserting the causes of action set forth in its Complaint.

## FIFTH DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## SIXTH DEFENSE

The injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening, superseding negligence of third parties who are not parties to this suit. By asserting this defense, Defendant does not admit that Plaintiff has been damaged.

## SEVENTH DEFENSE

There exists no causation or proximate causation between any alleged act or alleged breach of duty by Defendant and Plaintiff's alleged damages, and Plaintiff's alleged injuries and damages, if any, were proximately caused by the negligence or fault of persons or entities other than Defendant

whom Defendant does not control and over whom Defendant had no control.  In asserting this defense, Defendant does not admit fault.

## EIGHTH DEFENSE

Plaintiff is not the real party in interest as concerns all or a portion of his claims.

## NINTH DEFENSE

This action is barred by the applicable statutes of limitations, including, but not limited to, 42 U.S.C. § 3613(a).

## TENTH DEFENSE

Plaintiff has failed to exhaust administrative remedies before bringing this action.

## ELEVENTH DEFENSE

Plaintiff's action against Defendant is not proper and is barred by the operation of the Eleventh Amendment to the United States Constitution.

## TWELFTH DEFENSE

Any and all actions alleged against Defendant is protected by the doctrines of qualified, absolute, or sovereign immunity.

## THIRTEENTH DEFENSE

This Court has no jurisdiction of the subject matter of the action.

## FOURTEENTH DEFENSE

Defendant's actions or omissions, if any, were undertaken in good faith, without malice, with probably cause, were justified and responsible under the circumstances.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 5

## FIFTEENTH DEFENSE

Any award of punitive damages against Defendant would be: 1) unwarranted by Defendant's alleged conduct; 2) unreasonable under the circumstances; and 3) not authorized by law.

## SIXTEENTH DEFENSE

Plaintiff assumed the risk of the events, occurrences and damages alleged in its Complaint.

## SEVENTEENTH DEFENSE

Defendant has not engaged in any discriminatory housing practice.

## EIGHTEENTH DEFENSE

The inhabitants of Plaintiff's proposed Residential Treatment Facility are not "handicapped" for purposes of the Fair Housing Act.

## NINETEENTH DEFENSE

Defendant's action or omissions, if any, do not rise to a level of deprivation of any of Plaintiff's protected rights.

## TWENTIETH DEFENSE

Discovery is ongoing in this matter, and because of such ongoing discovery, Defendant respectfully reserves the right to amend and/or supplement this Answer to Complaint and Demand for Jury Trial as may be necessary.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by its Complaint;

2.      That Plaintiff's Complaint in this matter be dismissed with prejudice;

3.      That Defendant be awarded costs expended in this matter;

4.      That Defendant be awarded attorney fees pursuant to the Federal Rules of Civil

Procedure, and the statutes of the State of Idaho and the United States of America.

5.      For such other and further relief as the court may deem just.

## DEMAND FOR JURY TRIAL

The Defendant demands a trial by jury on all issues, claims and defenses so triable,

pursuant to the Constitutions and laws of the United States and the State of Idaho.

DATED this _____ day of March, 2009.

BRASSEY, WETHERELL & CRAWFORD

By_____
    Andrew C. Brassey, Of the Firm
    Attorneys for Defendant County of Boise

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL  - 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___2nd___ day of March, 2009, I served a true and correct copy of the foregoing upon each of the following individuals by causing the same to be delivered by the method and to the addresses indicated below:

Thomas A. Banducci                                     _____  U.S. Mail, postage prepaid
tbanducci@bwslawgroup.com                      _____  Hand-Delivered
Wade L. Woodard                                        _____  Overnight Mail
wwoodard@bwslawgroup.com                    _____  Facsimile
Banducci Woodard Schwartzman PLLC      __X__  CM-ECF
802 W. Bannock Street, Suite 500
Boise, Idaho 83702

_____
Andrew C. Brassey

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 8