IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company, and YTC, LLC, an Idaho limited liability company,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>　　　　　Defendant. | Case No. CV-09-004-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are a Motion to Quash Subpoenas (Docket No. 15) by non-party Movants Cheryl and Chris Gammon (Gammons), and Plaintiff's Motion (Docket No. 18) to Strike Portions of the Affidavit of Cheryl Gammon.  The motions are fully briefed and at issue.  For the reasons expressed below, the Court will deny the Motion to Quash, which renders the Motion to Strike moot.

## BACKGROUND

The above-captioned matter involves allegations by Plaintiffs that Defendant Boise County improperly denied an application for construction of a residential treatment center.  Plaintiffs allege that Defendant violated the Fair Housing Act by

**Memorandum Decision and Order – Page 1**

denying the application in an effort to satisfy citizen groups opposed to the proposed residential treatment center.  As part of discovery, Plaintiff sent subpoenas to a number of citizens, including Cheryl and Chris Gammon.  After the Gammons were served with the subpoenas, they brought the Motion to Quash now before the Court.  Plaintiffs responded to the Gammons' Motion and filed a Motion to Strike Portions of the Affidavit by Cheryl Gammon.

## ANALYSIS

In support of the Motion to Quash (Docket No. 15), the Gammons assert a number of grounds: (1) the request for documents was not limited to specific dates for which relevant material would be discovered; (2) Defendants request material protected by attorney-client and attorney work product privileges; and (3) the request violates the Gammons' First Amendment rights to free speech and association.  In Plaintiffs' Motion to Strike, plaintiffs challenge a number of statements in Cheryl Gammons Affidavit, attached to the Motion to Quash, as being conclusory, lacking foundation, and lacking relevance.

The Gammons first contend that Plaintiffs' request for documents was overly broad, and should be limited to specific dates for which relevant material would be discovered.  The Gammons acknowledge that the request concerns records relating to applications filed by Alamar Ranch with Boise County.  As

**Memorandum Decision and Order – Page 2**

noted by Plaintiffs, the request necessarily creates a timeframe from when the applications were made (December 2006) to the present. *Plaintiff's Memorandum in Opposition to Motion to Quash* (Docket No. 18) at 5.

The Gammons' next argument, that the request is overly burdensome, also lacks merit. That the Gammons' response may involve hundreds of documents does not prove an undue burden. The Gammons do not offer any evidence of the burden they would face if required to respond to Plaintiff's discovery request. Absent evidence that Plaintiff's request actually imposes an undue burden upon the Gammons, the Gammons are not entitled to relief from the request. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997).

Under Federal Rules of Civil Procedure, discovery must be limited where the court finds it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Citing this rule, the Gammons argue that the subpoena from Plaintiffs should be quashed because Plaintiffs could obtain records of communications between the Gammons and County Commissioners directly from Boise County. This argument assumes that all information responsive to Plaintiffs' subpoena is in Boise County's possession. The Gammons appears to argue that information other than that in Boise County's possession is irrelevant to these proceedings. *Non-Parties' Reply*

**Memorandum Decision and Order – Page 3**

(Docket No. 21) at 2.  Relevant information, for purposes of discovery, need not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Gammons have failed to show that this Court should grant their motion under Rule 26(b)(2)(C)(i).

The Gammons further assert that Plaintiffs' request seeks disclosure of material protected by attorney-client and attorney work product privileges.  The same issue is raised in a Motion for Return of Privileged Documents (Docket No. 28) filed on behalf of other non-parties in this case, and addressed in a separate Memorandum Decision and Order (Docket No. 48) by this Court.  The Gammons have identified their attorney as Dennis Charney, who they state was retained in July 2007.  *Reply of Movants* (Docket No. 21) at 4.  This Court recognizes that Mr. Charney represented the Gammons in hearings before the Boise County Planning and Zoning Commission.  *See Attachment to Affivdavit of Dennis Charney* (Docket No. 30-1) at 1.  Mr. Charney does not represent the Gammons in this proceeding.

Movants have the burden of demonstrating that specific materials are protected by the attorney-client privilege.  *In re Grand Jury Subpoenas*, 803 F.2d 493, 496 (9th Cir. 1986).  Unlike in Mr. Charney's Motion (Docket No. 28), the Gammons have not claimed the attorney-client privilege with respect to particular records or materials.  Rather they have broadly asserted privilege as grounds to

**Memorandum Decision and Order – Page 4**

dismiss requests for their records.  A person seeking to withhold subpoenaed

information under an assertion of privilege must create a log expressly making the

claim and describing the nature of the withheld information.  Fed. R. Civ. P.

45(d)(2)(A).  According to Plaintiffs, subpoenas served on the Gammons included

specific instructions on how to create such a privilege log.  The Gammons have not

shown that the requested documents are protected by the attorney-client privilege.

The appropriate remedy to address the Gammons' concern regarding privileged

materials is for the Gammons to complete a log under Rule 45(d)(2)(A).        As

discussed in this Court's Memorandum Decision and Order (Docket No. 48) at 5,

the Ninth Circuit has held that the attorney work-product doctrine is applicable

only to a party in litigation in which discovery is sought.  *See In re California*

*Public Utilities Com'n,* 892 F.2d 778, 781 (9th Cir. 1989).  In that case, the Ninth

Circuit held, "the language of the rule makes clear that only parties and their

representatives may invoke its protection. We are not free to suspend the

requirement." *Id*. at 781.  Because the Gammons are not parties in this matter,

their argument to quash Plaintiff's discovery request under the attorney work

product privilege fails.

Finally, the Gammons claim that Plaintiffs' request for documents is a

violation of their First Amendment rights.  According to the Gammons, the

**Memorandum Decision and Order – Page 5**

subpoena is an attempt to punish them with a "fishing expedition."  The facts

presented thus far do no support this claim.  The primary purpose of Plaintiffs'

subpoena appears to be discovery of evidence pertinent to this suit.  The Gammons

have not shown, and this Court does not find, that Plaintiffs intended to harass the

Gammons with an overly broad investigation, or quiet their voice in opposition to

Alamar Ranch.  Accordingly, the Court finds that cases cited by the Gammons are

distinguishable from the instant case.  *See Affordable Housing v. City of Fresno*,

433 F.3d 1182, 1197-98 (9th Cir. 2006)(Plaintiff's suit against opponents of

housing project lacked legitimate foundation, but was advanced "to scare off

anyone" opposing Plaintiff); *White v. Lee*, 227 F.3d 1214 (9th Cir.

2000)(governmental agency violated First Amendment rights of individuals

opposing housing project with unjustifiably broad investigation).

The Gammons have failed to demonstrate a basis for this Court to grant their

Motion to Quash.  Accordingly, it is denied.

## ORDER

**Memorandum Decision and Order – Page 6**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Quash (Docket No. 15) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Docket No. 18) is deemed MOOT.



DATED:  **November 2, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge