IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company, | ) ) ) ) ) ) | Case No. CV-09-04-S-BLW |
| Plaintiffs, | ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) ) | |
| COUNTY OF BOISE, a political subdivision of the State of Idaho, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the Court is Plaintiffs' Motion (Docket No. 23) to Clarify

Applicability of Idaho Law to Claim for Punitive Damages.  The issue is fully

briefed and before the Court.  The Court finds that Idaho Code § 6-1604 would not

apply to a claim for punitive damages, but defers ruling on the availability of

punitive damages until after liability is determined.

The Motion by Plaintiffs Alamar Ranch and YTC, was solely for the

**Memorandum Decision & Order -- page 1**

purpose of clarifying the applicability of the state statute concerning limitations to punitive damages, I.C. § 6-1604.  As noted by Plaintiffs, this Court has recognized that "the assessment of punitive damages under the Fair Housing Act is governed by federal rather than state law."  *United States v. Pacific Northwest Elec., Inc.*, 2003 WL 24573548, *quoting Badami v. Flood*, 214 F.3d 994, 997 (8th Cir. 2000). Defendant does not challenge this finding, but argues instead that punitive damages are not available under United States Supreme Court case law.  Defendant thus requests a finding that Plaintiffs are precluded from claiming punitive damages. Defendant's request is premature; as noted in the Motion, "Plaintiffs are not seeking, at this time, a ruling on whether Plaintiffs are entitled to recover punitive damages."  *Memorandum in Support of Motion* (Docket No. 24) at 2.

Both parties note public policy concerns cited by the courts, about the assessment of punitive damages against municipalities.  Specifically, Defendant cites the Supreme Court's finding that courts generally view punitive damages as "contrary to sound public policy, because such awards would burden the very taxpayers and citizens for whose benefit the wrongdoer was being chastised."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263, 101 S. Ct. 2748 (1981).  In contrast, Plaintiffs argue that punitive damages are possible under *City of Newport* "where the taxpayers are directly responsible for perpetrating an outrageous abuse

**Memorandum Decision & Order -- page 2**

of constitutional rights." *Plaintiffs' Reply* (Docket no. 47) *citing City of Newport*, 453 U.S. at 267, n. 29.

According to Plaintiffs, the facts support that the residents and taxpayers of the County of Boise had widespread knowledge or participated in perpetrating "an outrageous abuse of constitutional rights." *See Plaintiffs' Reply* (Docket No. 47), *citing Hispanics United of DuPage County v. Village of Addison, Ill.*, 958 F.Supp. 1320, 1332 (N.D. Ill. 1997); *and also New Jersey Rooming & Boarding House Owners v. Asbury Park*, 152 F.3d 217, 225 (3rd Cir. 1998). There are insufficient facts before the Court to determine whether the residents' and taxpayers' involvement in the County's conduct was so pervasive as to justify the imposition of punitive damages.

The Court finds that I.C. § 6-1604 is inapplicable, but will not rule on the availability of punitive damages at this time. The parties are invited to raise the issue again after the record is more fully developed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion (Docket No. 23) to Clarify the Applicability of Idaho Law shall be, and the same is hereby, GRANTED; it is further ordered that I.C. § 6-1604 would not apply to a claim for punitive damages in this case.

**Memorandum Decision & Order -- page 3**



DATED:  **January 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order -- page 4**