UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE RE: DEFENDANT'S EXPERTS PETER BUTLER (Dkt. 103) AND MICHAEL JONES (Dkt. 106), AND PLAINTIFFS' EXPERT CHARLES WILHOITE (Dkt. 114)** |

Before the Court are Plaintiffs' Motions in Limine (Dkts. 103, 106) re: Defendant's experts Peter J. Butler and Michael Jones, and Defendant's Motion in Limine (Dkt. 114) re: Plaintiffs' expert Charles Wilhoite. The motions have been fully briefed. The Court being familiar with the record and pleadings shall grant the motions in part and deny the motions in part, as set forth in this decision.

**BACKGROUND**

Plaintiffs filed this lawsuit alleging that Defendant Boise County discriminated against potential handicapped residents – in violation of the Fair Housing Act (FHA) – in denying, or constructively denying, Plaintiffs' application for a conditional use permit to

construct Alamar Ranch, a residential treatment center. Determination of the damages from this denial requires analysis of the potential profit of such facility, and potential mitigation of damages. Experts for Plaintiffs and Defendant will address both potential profit and damage-mitigation, as well as – to some extent – the issue of Defendant's liability. Now before the Court are the parties' motions to limit the testimony and opinions of the opposing parties' experts.

## ANALYSIS

1. **Rule 702 Standard**

Whether and to what extent Butler, Jones, and Wilhoite may testify at trial is addressed under the well-known standard first enunciated in *Daubert* and its progeny, but now set forth in Rule 702 of the Federal Rules of Evidence. Rule 702 establishes several requirements for permitting expert opinion. First, the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, – F.3d – , 2010 WL 1660303, *3 (9th Cir. 2010)(*amending* 598 F.3d 558); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id*. at *4 (Internal quotations and citation omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id*. at *3. If specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts

or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The inquiry is a flexible one. *Primiano*, 2010 WL 1660303, *4 (9th Cir. 2010). Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. (Internal quotation and citation omitted).

2. **Plaintiffs' Motion to Exclude or Strike Portions of Report and Testimony of Peter Butler**

Plaintiffs here seek to limit testimony at trial by Defendant's expert Peter Butler, and to exclude parts of Butler's report. In support, Plaintiffs assert that Butler has rendered opinions for which he lacks qualification, that were based on speculation, that lack reliable basis or methodology, are irrelevant, are contrary to law, and were not timely disclosed.

  A. *Butler's Testimony And Opinion On Risky Business Decisions In Project Development And On Mitigation Of Damages*

In Opinion 1 of his report, Butler states that Plaintiffs were reckless in deciding to purchase and develop land for Alamar Ranch before Boise County had either approved the facility, or indicated whether there were restrictions to which approval was subject. *Butler Report*, Dkt. 140-2 at 4-5. Butler also asserts, in Opinion 2, that Plaintiffs could

have mitigated damages by building the Alamar Ranch project elsewhere. *Id.* at 6.

Plaintiffs attack these opinions on various grounds, including: that Butler has not demonstrated expertise as to the risks of land development or getting approval from municipal zoning boards (as to Opinion 1); that Butler's Opinion 2 – on mitigation of damages – is purely speculative and without factual basis; and that both opinions are contrary to law, and thus impermissible. The Court disagrees that Butler lacks the necessary expertise to offer such an opinion or that the opinions are speculative. However, for the reasons set forth below, the Court is persuaded that they lack relevance and should therefore be excluded.

Opinions 1 and 2 both suggest that Alamar's damages should be limited or excluded because Alamar failed to properly anticipate that it might be precluded from obtaining approval of its project. In challenging them as contrary to law, Plaintiffs contend that Butler's Opinions 1 and 2 validate a forced relocation – in violation of the FHA – and assert that Plaintiffs "should have known that Defendant was likely to unlawfully deny their permit or unlawfully reduce the number of beds," *Pl. Mot.*, Dkt. 103-1 at 17.

The best way to evaluate Plaintiff's argument is to consider how Butler's opinions will arise in the context of the trial itself. If the jury concludes that Defendant discriminated against Plaintiffs in violation of the FHA, treated Plaintiffs disparately, or unlawfully interfered with Plaintiffs' effort to provide housing to handicapped individuals

– then it would seem that Butler's opinion amounts to an argument that the Plaintiff's should have anticipated that the Defendants would act unlawfully. To permit a reduction of damages based on such a contention would clearly be inappropriate. In other words, a jury's finding that Defendants engaged in unlawful discrimination against Plaintiffs precludes any reduction in those damages based upon a claim that the Plaintiffs should have anticipated that discrimination. If, on the other hand, the jury returns a verdict for Defendants, no damages will be assessed and Butler's contention that the Plaintiffs acted recklessly or failed to mitigate damages would be irrelevant.

The Court concludes that Butler's opinion regarding the Plaintiffs' efforts to limit risk or otherwise mitigate damages will not assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, – F.3d – , 2010 WL 1660303, *3 (9th Cir. 2010)(*amending* 598 F.3d 558). Accordingly, Butler's testimony and Opinions 1 and 2, regarding mitigation of damages will be precluded at trial. Plaintiffs motions on this issue are granted.

As with virtually all decisions on motions in limine, the Court's conclusions are tentative – based only on the arguments of counsel and without the benefit of context that might be provided at trial. Accordingly, Defendant will be permitted to re-raise the issue at trial, and the Court will reconsider its ruling if the context provided by the trial testimony suggests that it should.

### B. *Butler's Opinion 5, That Wilhoite's Projections Were Too Aggressive*

Butler asserts in Opinion 5 that Plaintiffs' expert Wilhoite made projections that were overly aggressive. *Butler Report*, Dkt. 140-2 at 9-16. Plaintiffs seek to exclude this opinion as lacking "quantification, research, or relevant 'comparators.'" *Pl. Mot.*, Dkt. 103-1 at 7. Plaintiffs further argue that Opinion 5 is speculative, without any factual basis. Plaintiffs contend that, because Butler failed to inquire as to Plaintiffs' financial situation, this Court should exclude Butler's opinion that Plaintiffs were overly confident in their ability to secure funding for Alamar Ranch. In response, Butler asserts that Opinion 5[1] was based on analysis of comparator data set forth in Wilhoite's report, and that no other data was needed to draw the conclusions for Butler's report.

The Court finds that, although there may be minor problems with Butler's Opinion 5, exclusion would be inappropriate at this time. The Court will wait to hear Wilhoite's testimony, to place Plaintiffs' objections in context. The objections to Opinion 5 are therefore reserved until trial.

### C. Butler's Opinion 6, Employing the Butler Pinkerton Calculator

Plaintiffs challenge Butler's use of a business-valuation methodology – the Butler Pinkerton Calculator – that Butler created with a colleague. Plaintiffs assert that this methodology has not been tested, peer reviewed, nor accepted in the business-valuation community, thus rendering it unreliable under Rule 702 and *Daubert*. *See also Cooper v.*

---

[1] In his affidavit, Butler misidentifies Opinion 5 as Opinion 3; the text of the affidavit, responding to Plaintiffs' Motion in Limine (Dkt. 103), makes clear that Butler is indeed addressing Opinion 5. *Butler Aff.*, Dkt. 140-1, ¶ 7.

*Brown*, 510 F.3d 870, 880 (9th Cir. 2007).

In response, Butler identifies 16 examples of peer commentary on use of the calculator. As the Ninth Circuit noted in *Primiano*, peer reviewed literature may not be available for a number of reasons, including that the issue may be too new, or lack sufficiently wide interest. *Primiano*, 2010 WL 1660303, *5 (citation omitted).

Reiterating the importance of flexibility in applying the *Daubert* factors, the Court in *Primiano* found that the factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* (*citing White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002)). Where the knowledge on which the expert's opinion is based has "a valid connection to the pertinent inquiry . . . [and] a reliable basis in the knowledge and experience of the relevant discipline," the expert opinion testimony is relevant. *Id.* (*citing U.S. v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).

The Court finds there is no basis to exclude Butler's use of the Butler Pinkerton Calculator at this time.

### D. *Defendant's Retracted Or Unrendered Opinions, And Opinions In Violation of Rule 26*

Plaintiffs challenge various unrendered opinions in Butler's report as irrelevant. The Court finds that such challenges go to the weight of the evidence rather than its admissibility. As such, the Court will permit presentation of the opinions at trial for the

jury to assess. Plaintiffs also seek to exclude opinions retracted by Butler as irrelevant. The Court presumes that any retracted opinions will not be offered at trial; however, where a formerly retracted opinion is re-offered, the Court will determine its admissibility on consideration of the contextual evidence established at trial. Also, Plaintiffs ask the Court to exclude documents and other references to which Butler testified in his deposition, but that were not included in his initial report, citing violation of Rule 26. Opinions given in response to questions at depositions after a deadline to disclose expert reports are rendered at the invitation of the party taking the deposition, and are thus properly disclosed. At this time, the Court will deny Plaintiffs' motion to exclude opinions raised at deposition on the basis of a Rule 26 violation.

**3. Plaintiffs' Motion to Exclude The Expert Opinions And Testimony Of Michael Jones**

Plaintiffs here move to exclude from trial, most portions of Jones' expert opinions and testimony for lack of qualification, irrelevance, prejudice, and waste of time.[2] The Court finds that exclusion of some opinions by Jones due to lack of qualification is warranted at this time. As to other opinions, the Court will reserve ruling until trial, and direct Defendant to establish a foundation for Jones to provide his opinion, or to establish the relevance of such opinion.

Plaintiffs argue that Jones lacks the necessary experience, training, and knowledge

---

[2] Jones' Report is in the record at Dkt. 104-5, Exh. 15.

to support a number of the opinions offered in his report. Plaintiffs note that Jones' professional experience has been in the field of non-profit rather than for-profit Residential Treatment Centers, and his experience in the Conditional Use Permit process is limited to four instances. Plaintiffs also assert that Jones' opinions lack adequate underlying data to support their reliability. Defendant responds that Jones has a Master of Arts in Clinical Psychology, and nearly four decades of experience working in executive (and also staff) positions with residential treatment centers for adolescents, primarily the Idaho Youth Ranch. *Def. Opp.*, Dkt. 143 at 1-2. This background and experience, Defendant argues, makes him well qualified to testify as to all opinions offered in his report. Defendant further contends that, where Plaintiffs question the weight of Jones' testimony, they can do so on cross-examination.

### A.  *Topics On Which Jones Will Be Precluded From Testifying*

On the evidence before it, the Court finds there is no basis for Jones to offer expert opinion to rebut economic analyses performed by Plaintiffs' expert Dr. Peter Crabb. Jones acknowledged that he is not an expert on economic impact analysis; because opinions rebutting those of Crabb are outside of Jones' expertise, he will not be permitted to testify on this subject.

Similarly, Jones has demonstrated no expertise with respect to property values of surrounding areas affected by development of Alamar Ranch, nor what a prospective buyer night be willing to pay. Such questions would be subjects for an appraiser.

According to Plaintiffs, Jones testified that his opinion regarding property values around the proposed Alamar Ranch area is based on his opinion as "Joe Home Buyer." *Banducci Dec.*, Exh. 11 at 97:9-18, Dkt. 104-4. The Court finds that Jones lacks the qualifications to testify on this topic, and will thus grant Plaintiffs' motion accordingly.

The Court also finds that Jones is neither an economist nor a business valuation expert. Jones' opinions regarding the impact of economic recession, and opinions challenging Plaintiffs' expert, Charles Wilhoite, are outside his area of expertise. Accordingly, the Court will grant Plaintiffs' motion to exclude Jones' testimony on those topics.

Finally, Jones stated in his report that Plaintiffs should have been aware of the risk that their conditional use permit (CUP) application would not be granted. Plaintiffs argue, and the Court agrees, that this opinion is outside of Jones' expertise.

Again, the Court notes that its conclusions are tentative – based only on the arguments of counsel and without the benefit of context that might be provided at trial. Accordingly, Defendant will be permitted to re-raise the issue at trial, and the Court will reconsider its ruling if the context provided by the trial testimony suggests that it should.

### B. Topics For Which Defendant Will Need To Establish A Foundation For Jones' Testimony At Trial

The Court finds that, at this time, there is insufficient showing that Jones is qualified to testify on the following topics:

1. That a reduced bed count in a for-profit residential treatment center (RTC) will result in fewer runaways and other incidents requiring police, fire, or medical assistance.

2. The expectations or preferences of referring parents for smaller, for-profit residential treatment centers.

3. That a 24-bed for-profit RTC can be financially viable, and even return a profit.

4. That the number of unplanned discharges at the proposed for-profit facility would be 2 per 12 bed residences per year.

5. That "there is an extremely limited market in Idaho for high-end RTCs such as Alamar proposed."

6. That "[a] few health insurance companies will cover a portion of the costs of residential treatment if the RTC is accredited by JCAHO or one of the other nationally recognized accrediting bodies."

7. That "[p]arents want and look for experience, a long and solid track record, safety, competence, credentials, accreditation, trustworthiness and affordability."

Defendant will be required to establish what experience Jones has, and why he would be qualified to testify as to these topics, given that his experience has been limited to non-profit operations, where adolescents were primarily placed in RTCs by court-appointment, rather than parent referral. The Court is mindful that many of the concerns identified by Plaintiffs can be addressed on cross-examination of Jones. However, the Court will need to see more evidence of a foundation for Jones' opinions on these topics before it will permit his testimony on the topics.

C. *Relevance, Confusion, Prejudice, Waste Of Time, And Untimely*

### *Disclosure of Jones' Opinions*

Plaintiffs challenge a number of Jones' statements as irrelevant, confusing, prejudicial, a waste of time, and untimely disclosed per Rule 26. Where Plaintiffs challenge the relevance of Jones' statements, the Court generally finds that Plaintiffs' concerns go to the weight of the evidence rather than its admissibility, and can be addressed through cross-examination. However, the Court is concerned that some of Plaintiff's concerns are warranted.

As to Jones' opinion about staffing levels, the Court finds that such testimony is not relevant; the merits of Plaintiffs' treatment plan is not before the jury. As to the following two opinions, the Court will require Defendant to make an offer of proof as to their relevance: (1) Jones' opinion on the growth and change in adolescents and their families, and on youth who do not succeed in settings such as proposed by Alamar; (2) that every RTC with which Jones is familiar has a strong emphasis on family involvement; the Court will reserve ruling on the admissibility of these opinions until Defendant establishes their relevance at trial.

As to Plaintiffs' concerns regarding confusion and prejudice, the Court will deny the motion at this time, but permit Plaintiffs to re-raise their objections at trial when the context of such testimony is more fully developed. As noted by Defendant, Plaintiffs' characterizations of Jones' opinions may not fully capture how Defendant intends to use them. Thus preclusion, absent context, would be premature at this time.

With respect to the timeliness of Defendant's disclosures, Plaintiffs' challenges appear to concern a response offered by Jones in his deposition taken by Plaintiffs, and testimony about which Plaintiffs could have addressed at Jones' deposition. The Court finds that exclusion is not warranted under Rule 26.

Concerning all other opinions in Jones' report not addressed herein, the Court will deny Plaintiffs motion at this time, but permit Plaintiffs to re-raise their objections at trial when the context of such testimony is more fully developed.

**4.     Defendant's Motion to Exclude Testimony of Charles Wilhoite**

Defendant moves to exclude testimony at trial of Plaintiffs' expert Charles Wilhoite.[3] Defendant asserts that Wilhoite's opinions lack reliability because he has not shown they were formed using an objective, independent methodology. Defendant also objects to Wilhoite's alleged reliance on a conversation with educational consultant Lon Woodbury, after the deadline for disclosure of expert opinions and experts' sources. According to Plaintiff, Wilhoite's conversation with Woodbury confirmed Wilhoite's already developed conclusions.

The Court is troubled by Wilhoite's conversation after the deadline for expert disclosures. The Court finds that any opinions by Wilhoite for which he relies on information obtained after the deadline for expert disclosures will be excluded. However, with respect to opinions in Wilhoite's report, timely disclosed, the Court finds that

---

[3]Wilhoite's Report is in the record at Dkt. 118-4, Exh. C.

Defendant's challenges are best addressed at trial through cross-examination. Defendant has failed to demonstrate a basis to exclude Wilhoite's testimony at this time. Thus, with the exception noted herein, Defendant's motion will be denied.

## ORDER

IT IS ORDERED:

1. Plaintiffs' Motion in Limine regarding Defendant's expert Peter Butler (Dkt.103) is **DENIED** in part, **GRANTED** in part. Butler will not be permitted to testify as to mitigation of damages or limitation of risk by Plaintiffs in developing Alamar Ranch. All other objections are deferred until trial.

2. Plaintiffs' Motion in Limine regarding Defendant's expert Michael Jones (Dkt. 106) is **DENIED** in part, **GRANTED** in part.

    a. Defendant will be precluded from offering Jones' expert testimony: (1) rebutting opinions of Crabb, (2) regarding property values, (3) regarding the impact of the economic recession, (4) challenging the business valuation opinions of Wilhoite, (5) regarding the risk that Plaintiffs' CUP would be denied.

    b. Defendant will be required to establish a foundation for admission of testimony or evidence from Jones: (1) that a reduced bed count would result in fewer runaways, (2) regarding the preferences of

  referring parents, (3) that a 24 bed RTC can return a profit, (4) that Alamar Ranch could have expected 2 unplanned discharges per 12-bed residences per year, (5) that Idaho has an extremely limited market for high-end RTCs, (6) regarding coverage by health insurance companies, (7) on what parents look for in an RTC.

  c. All other objections are denied at this time, but may be reasserted at trial when Jones' testimony and opinions can be assessed in context.

3. Defendant's Motion in Limine regarding Plaintiffs' expert Charles Wilhoite (Dkt. 114) is **DENIED** in part, **GRANTED** in part. Wilhoite is precluded from testifying concerning information obtained after the deadline for expert disclosures. As to all other testimony and opinions, Defendant's objections are denied at this time, but may be reasserted at trial when Wilhoite's testimony and opinions can be assessed in context.

DATED: **December 3, 2010**

B. LYNN WINMILL
Chief U.S. District Court Judge