UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION (Dkt. 102)** |

Before the Court is Plaintiff's Motion for Clarification (Dkt. 102) regarding the number of handicapped individuals Plaintiff will have to prove were going to be residents of Plaintiff's proposed treatment facility, per the Court's Memorandum Decision and Order (Dkt. 79). The motion has been fully briefed. The Court being familiar with the record and pleadings, clarifies as follows.

## ANALYSIS

Plaintiffs sought summary judgment on the issue of whether Defendant failed to reasonably accommodate handicapped residents of Alamar Ranch, in violation of the Fair Housing Act (FHA). *Pl. Mot.*, Dkt. 51-1 at 7. On this issue, the Court denied summary

judgment, finding that Plaintiffs had failed to meet their burden of showing there were no material issues of fact concerning the required elements of a reasonable accommodation analysis. Specifically at issue in Plaintiffs' motion in limine (Dkt. 102) here, the Court found that Plaintiffs failed to meet their burden of showing that there were no disputed issues of material fact regarding the first element of a reasonable accommodation analysis, i.e., whether the residents of the facility suffer from a handicap as defined by the FHA. *Order*, Dkt. 79 at 8-11.

In their motion in limine, Plaintiffs seek an order of the Court clarifying that in order to establish at trial the first element of the reasonable accommodation analysis, Plaintiffs need only demonstrate that at least one resident of the planned development would have been handicapped, so long as the discriminatory decision by the municipality was based on the handicap of that resident. In support, Plaintiffs cite two of out-of-circuit cases.

In one case, the District of Kansas found that the total number of handicapped individuals was irrelevant, so long as plaintiff demonstrated "some" number of handicapped individuals, as well as discrimination by the municipality based on that handicap. *Keys Youth Servs., Inc. v. City of Olathe, Kan.*, 52 F.Supp.2d 1284, 1299-1300 (D. Kan. 1999). In another case, the Eastern District of Pennsylvania also found it irrelevant that individuals without handicaps may also be affected, so long as the governmental entity's actions discriminated against the handicap. *Horizon House*

*Developmental Servs., Inc. v. Township of Upper Southampton*, 804 F.Supp. 683, 694 (E.D. Pa. 1992). Importantly, in both of these cases, the courts required proof of discrimination based on the handicap. Also, the Ninth Circuit has held that a finding of 75% of residents as handicapped was sufficient, but did not create a bright-line rule with regard to a required number or percentage. *Turning Point, Inc. v. City of Caldwell*, 75 F.3d 941 (9th Cir. 1996).

In its response, Defendant asserts that a finding that some specified, minimal number of handicapped residents is needed to trigger the protections of the FHA would enable developers to claim protection under the FHA for projects offering just enough handicapped housing to satisfy the rule. Such a result, it is argued, would neither advance the goals of the FHA, nor permit governmental entities to exercise lawful and appropriate control of development in their communities. However, Defendant's contention ignores the important proviso which the Plaintiffs have added to their request. Plaintiffs request the Court to determine that the first element of the reasonable accommodation claim is satisfied if at least one resident of the planned development would have been handicapped, ***so long as*** the discriminatory decision by the municipality was based on the handicap of that resident. Surely, the Defendant is not taking the position that a governmental entity – although prohibited from discriminating against a housing community with a large percentage of handicapped residents – is free to discriminate against a housing community with a small number of handicapped residents.

Defendant argues that the Ninth Circuit has cautioned that "[t]he reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *DuBois v. Assoc. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). However, in this case, the fact-specific inquiry is not whether the Plaintiffs planned on housing a minimum number of handicapped residents, but whether the Defendants discriminated against or failed to reasonably accommodate the Plaintiff's planned development because it included some number of handicapped residents. Accordingly, Plaintiffs' Motion (Dkt. 102) is granted consistent with the foregoing decision.

## ORDER

**IT IS ORDERED:** Plaintiff's Motion for Clarification (Dkt. 102) is **GRANTED** in accordance with this decision. Plaintiffs will not be required to prove as part of its reasonable accommodation claim, that it intended to house a minimum number of handicapped residents, but it must establish that the discriminatory decision by the municipality was based on the handicap of the resident or residents who would reside at Alamar Ranch.

DATED: **December 3, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Memorandum Decision & Order On Plaintiff's
Motion For Clarification (Dkt. 102) - 4