UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE DEFENDANT CLAIMED AS PRIVILEGED IN McNEESE AND BURKE DEPOSITIONS (Dkts. 100, 105)** |

Before the Court are Plaintiffs' Motions in Limine To Exclude in Defendant's Case-in-Chief All Evidence Which Defendant Claimed as Privileged in Timothy McNeese's Deposition (Dkt. 100) and Motion in Limine To Exclude All Evidence Which Defendant Claimed as Privileged in the Patti Burke Deposition (Dkt. 105). In its responses, Defendant seeks to preclude Plaintiffs from arguing that Defendant's conduct in executive session was improper or a violation of law. The motions have been fully briefed. The Court being familiar with the record and pleadings will grant the motions in part, and reserve its ruling on the motions in part.

ANALYSIS

In the Motions in Limine, Plaintiffs urge the Court to prohibit Defendant from offering evidence in Defendant's case-in-chief, that Defendant claimed as privileged in the depositions of Boise County attorney Timothy McNeese, and Boise County Planning & Zoning Administrator Patti Burke. Defendant responds that, in large part, it does not object to the limitations, and that it does not intend to solicit evidence from McNeese or Burke for which it asserted privilege in depositions. There being agreement on that issue, the Motions will be granted to the extent that Plaintiffs will be precluded from offering evidence through either McNeese or Burke as to matters about which they declined to answer based upon an assertion of attorney-client privilege, work product, legal conclusions, speculation, or executive privilege. However, Plaintiffs request more.

1.  **Requested Limitation On Evidence Shielded In McNeese Deposition Is Overly Broad**

Plaintiffs here ask the Court to preclude Defendant from raising at trial "any topic, communication, meeting, process, event, research, etc. which Defendant's counsel stated was privileged or otherwise unanswerable in McNeese's deposition," (Dkt. 100-1 at 15), whether such evidence is solicited from McNeese or from another source. In support, Plaintiffs cite case law in which parties have been prohibited from using privilege as both a shield (at deposition) and a sword (at trial, where the privilege has been waived). *See Galaxy Computer Servs, Inc. v. Baker*, 325 B.R. 544, 558-59 (E.D. Va. 2005);

*Engineered Prods. Co. v. Donaldson Co.*, 313 F.Supp.2d 951, 1022-23 (N.D. Iowa 2004); *Allan Bock Co. v. County Materials Co.*, 2009 WL 1955588, **14-15 (D. Minn. 2009); *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 2010 WL 2681280, **14-15 (D. Kan. 2010).

There may be limits to the principle that a party cannot use an assertion of privilege as both a shield and a sword. However, at a minimum it precludes a party from asserting privilege to impede counsel's discovery efforts concerning a critical communication, meeting or event, and then offer evidence of that same communication, meeting or event during trial. As a matter of fundamental fairness, it typically would not matter whether the evidence at trial is offered through the party deposed or through another source. On the other hand, there may be unique circumstances where it would be unfair to the Defendant to be precluded from offering at trial, independent evidence of a communication, meeting or event. For example, it may be appropriate to admit such evidence where it was abundantly clear that such independent evidence could have been discovered through alternative means.

The Court is unable to resolve this issue in the abstract. Therefore, the Defendant will not be categorically precluded from offering independent evidence of a communication, meeting or event which McNeese declined to discuss in his deposition based upon an assertion of privilege. However, before Defendant will be permitted to offer such evidence, it must satisfy the Court that admitting such evidence would not be

unfair to the Plaintiffs.

**2.      Request To Preclude Argument By Plaintiff Regarding Executive Session**

In support of their motions (Dkts. 100 & 105), Plaintiffs assert that any attorney-client privilege that may have applied to McNeese's communications with Boise County Commissioners and Patti Burke was waived as a matter of law. *See Motion*, Dkts. 100-1 at 9-10, 105-1 at 3. According to Plaintiffs, McNeese's communications with the Commissioners and with Burke took place outside of a properly noticed public meeting, in violation of Idaho Code §§ 67-2342, 67-2341(2) and (6). Plaintiffs further argue that no exceptions to the open meeting requirement, under Idaho Code § 67-2345, apply. Thus, it is argued that the meetings should have been open under Idaho law, and that if they had been open, any privilege would have been waived. The Defendant contends that this interpretation of the statute is incorrect and is concerned that the Plaintiffs may suggest to the jury that what occurred in executive session was improper.

Plaintiff's argument seems to ignore other provisions of the statute that justified the Commissioner's decision to meet in executive session. Under Idaho law, "[a]n executive session at which members of the public are excluded may be held . . . to communicate with legal counsel for the public agency to discuss the legal ramifications of and legal options for pending litigation, or controversies not yet being litigated but imminently likely to be litigated." I.C. § 67-2345(1)(f). According to Defendant, Alamar Ranch and opponents of Alamar Ranch "threatened to file a lawsuit against Boise County

stemming from Alamar's CUP application." *Response*, Dkt. 142 at 1-2. Defendant notes that the executive sessions at issue here took place in late 2007 and early 2008, and were thus proper under Idaho Code § 67-2345(1)(f).[1]

Based strictly upon the language of the statute and the Court's limited understanding of the circumstances, the Court is of the impression that Defendant's executive sessions were proper under Idaho Code § 67-2345. At this time, the Court will grant Defendant's request to preclude Plaintiffs from asserting otherwise at trial, but will allow Plaintiffs to re-raise the issue at trial if and when evidence supports a contrary ruling.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine to exclude evidence in Defendant's case-in-chief that Defendant claimed as privileged in Timothy McNeese's deposition (Dkt. 100) is **GRANTED** in part and **DEFERRED** in part. Defendant shall be precluded from offering evidence through McNeese as to matters about which he declined to answer, on assertion of attorney-client privilege, work product, legal conclusions, speculation, or executive privilege. Defendant will also be precluded from offering other evidence of

---

[1] Defendant further argues that challenges to Idaho's Open Meeting – or "Sunshine" – Law must be filed under Idaho Code § 67-2347, for which the statute of limitations has now passed. This issue is also raised in Defendant's Motion (Dkt. 113), which will be addressed by the Court separately.

the subjects about which McNeese refused to testify in his deposition, without first establishing that admitting such other evidence would not be unfairly prejudicial to the Plaintiffs.

2. Plaintiff's Motion in Limine to exclude evidence that Defendant claimed as privileged in Patti Burke's deposition (Dkt. 105) is **GRANTED**.

3. Defendant's request to preclude Plaintiffs from arguing that what occurred in executive sessions was improper or a violation of law is **GRANTED** at this time; Plaintiffs may, however, re-raise this issue at trial upon introduction of evidence that supports a contrary ruling.

DATED: **December 4, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge