UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company, Plaintiffs, v. COUNTY OF BOISE, a political subdivision of the State of Idaho, Defendant. | Case No. 1:09-cv-004-BLW <br><br> **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE (Dkt. 113)** |
|---|---|

Before the Court is Defendant's Motions in Limine 1-8 (Dkt. 113). The motion has been fully briefed. The Court being familiar with the record and pleadings rules as follows.

## ANALYSIS

Before the Court are Defendant's eight motions in limine. Defendant seeks to exclude from voir dire, opening statements, and at trial, the following evidence and argument: (1) that Defendant's process for approving Plaintiffs' conditional use permit (CUP) application was improper; (2) that Defendant violated the Idaho's Open Meeting Laws; (3) that Defendant is responsible for the actions of people who opposed Alamar;

(4) privileged information in or references to materials that the Court previously ordered to be returned to attorney Dennis Charney, who represented opponents of Alamar; (5) e-mails referencing purported comments by Patti Burke; (6) newspaper articles; (7) unrelated claims, proceedings, or lawsuits; and (8) Defendant's conduct during litigation.

1.  **Defendant's Process For Approving Plaintiffs' Application for CUP**

    According to Defendant, any challenge to Boise County's process or procedure in approving Plaintiffs' CUP application is an issue that should be left to state rather than federal court. In support, Defendant cites a United States Supreme Court decision in which Justice Kennedy noted that "elaboration of administrative law . . . is one of the primary responsibilities of the state judiciary." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276 (1997). According to Defendant, argument that Defendant used an improper process would tend to confuse or mislead the jury here, and should therefore be precluded.

    Plaintiffs respond that Defendant has not identified exactly what improper process or procedure it seeks to preclude. It appears that Defendants seek to broadly exclude any challenge to Defendant's CUP approval process. Without knowing the precise scope or context of what Defendant is moving to exclude at trial, the Court is unable to render a fully informed decision on the motion, and is thus not inclined to grant such request. As noted by the Plaintiffs, evidence that a governing body violated its accepted procedures in taking some action, is probative on the issue of whether the body acted with

discriminatory animus. Also, as noted by Plaintiffs, the Court in *Coeur d'Alene Tribe* considered a suit directly challenging state administrative action. *Coeur d'Alene Tribe*, 521 U.S. at 276. Here, Plantiffs' complaint does not include a claim for relief from improper administrative procedures. Rather, Plaintiffs indicate intent to potentially argue that improper administrative procedures by Boise County is evidence that it acted in violation of the FHA.

The Court is not persuaded that Defendant is entitled to a blanket exclusion of any evidence that Defendant failed to follow proper administrative procedures. Defendant's first motion in limine will therefore be denied at this time. Defendant is free, of course, to raise an appropriate objection once the nature of the proffered evidence is clear and the court has an evidentiary context in which to determine whether the evidence is relevant and whether its admission would be unduly prejudicial.

### 2. Violation Of Idaho's Open Meeting Law

Defendant moves to exclude any assertions that Defendant violated Idaho's Open Meeting law, noting that Idaho law provides a process by which a party may challenge alleged violations of the Open Meeting Act. I.C. § 67-2347(6). Plaintiffs counter that they are not seeking relief for violation of the Open Meeting Act; Plaintiffs further assert that the statute of limitations for pursuing relief under the Open Meeting Act does not bar evidence of a violation of the Act to demonstrate violations of another law – here, the FHA.

The Court distinguishes between argument that violation of the Open Meeting Act is evidence of a FHA violation, and argument in support of a claim for relief under the Open Meeting Act. Thus, to the extent that Defendant seeks to preclude Plaintiffs from arguing that Defendant violated the Open Meeting Act, because the statute of limitations for a claim under that Act has run, the motion is denied. However, as articulated in the Court's Order on Plaintiffs' Motions in Limine, Dkts. 100 and 105, the evidence now before the Court tends to support that Boise County's executive sessions satisfied Idaho Code § 67-2345(1)(f); Plaintiffs have not produced sufficient evidence to the contrary.

Plaintiffs suggest that the evidence at trial will also show other violations of the Open Meeting Act by the County and its employees. For example, they contend that Boise County Planning & Zoning (P&Z) Administrator Patti Burke "provided opponents of Alamar with inside information and offered advice how the opposition of Alamar Ranch could ensure that the project would not be built." *Pl. Opp'n*, Dkt. 124 at 7. According to Plaintiffs, the evidence will also show that Boise County Commissioners "coach[ed] the opponents on how to get the information into the record" to enable Commissioners to place conditions on Alamar's CUP that would, in turn, render the project unprofitable and force Plaintiffs to move the project elsewhere. *Id*.

The Court agrees with Plaintiffs that such evidence may be relevant to show that the Commissioners and other County employees acted with discriminatory intent. However, it is difficult to determine its probative value or potential prejudice without

some context. Therefore, the Court will defer ruling on this issue until the evidence is offered during trial.

In summary, in the absence of other evidence beyond that already identified, Plaintiffs will be precluded from asserting that Defendant violated the Open Meeting Law by going into executive sessions. However, the Court will reserve ruling on the admissibility of other evidence of violations of the Open Meeting Act, until it has the opportunity to consider such evidence in context.

### 3. Evidence Or Argument That Defendant Is Responsible For Actions Of Opponents Of Alamar

Defendant moves to prohibit Plaintiffs from offering evidence or argument that Defendant engaged in wrongful activity "by allowing opponents of Alamar to present testimony and submit information." *Def. Mot.*, Dkt. 113-1 at 5. Plaintiffs respond that they do not intend to assert at trial that Boise County "should have prevented the opponents from speaking their mind." *Pl. Opp'n*, Dkt. 124 at 8. However, Plaintiffs contend that, "whether [opponents'] discriminatory animus motivated Boise County's decision" is highly probative. *Id.*, fn. 4. Thus, according to Plaintiffs, evidence of the non-parties' opposition is admissible to show discriminatory intent by Defendant.

The courts have held that circumstantial, as well as direct, evidence may be offered to prove that a discriminatory reason "more likely than not motivated the challenged decision." *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008). Thus,

Plaintiffs will be precluded from arguing that Defendant improperly permitted opponents from voicing their opposition, but will be allowed to present evidence of the non-parties' actions in opposing Alamar. Defendant's motion will therefore be granted in part and denied in part.

**4.      The Charney Privileged Documents**

The parties appear to be in agreement as to this motion by Defendant. Accordingly, the Motion will be granted.

**5.      E-mails Referencing Comments Purportedly Made By Patti Burke**

Defendant moves to preclude Plaintiffs from introducing e-mails that reference comments allegedly made by Patti Burke, Boise County's P&Z Administrator. Plaintiffs assert, in response, that the motion is premature, because statements are not hearsay where not offered to prove the truth of the matter asserted; whether the e-mails will be offered for this purpose cannot be determined until trial, when the context of the case has fully developed. Plaintiffs further argue that statements by Patti Burke are not hearsay because they are statements of a party opponent, under the theory of agency. Plaintiffs raise a number of other exceptions to hearsay that they assert apply to at least one particular e-mail. Because Defendant has failed to specifically identify the e-mails that it seeks to preclude, Plaintiffs ask that the Court deny Defendant's motion.

The Court agrees with Plaintiffs that the motion is premature. Without the particular e-mails, the Court is unable to analyze whether any exceptions to hearsay apply.

The motion is more appropriately raised at trial when the full context of the evidence, as well as the purpose for which the evidence is being offered, will be apparent. Ruling on defendant's motion will therefore be deferred until trial.

6.   **Newspaper Articles**

Defendant seeks to exclude any newspaper articles from being admitted at trial, arguing that such evidence is hearsay. Plaintiffs note in response that Defendant fails to identify what articles it seeks to exclude, and that not every newspaper article would be hearsay, where such article is not offered to prove the truth of the matter asserted. Ultimately, Defendant's relief requested is that, where Plaintiffs "intend to refer to or utilize any newspaper article," that the issue be raised outside the presence of the jury to determine whether an exception to hearsay exists. As stated, the Court will grant the motion: Plaintiffs will notify Defendant of their intent to use or refer to any newspaper article outside of the jury's presence, preferably outside of the scheduled trial day.

7.   **Unrelated Claims, Proceedings, or Lawsuits**

Defendant seeks to exclude, as irrelevant, any evidence or argument of unrelated claims, proceedings, or lawsuits against Defendant and its employees. The Court finds that Defendant's challenge here goes to the weight, rather than the admissibility of such evidence. The Court will therefore deny Defendant's motion. The Court will, however, permit Defendant to re-raise the issue at trial, and will grant Defendant's request that Plaintiffs be required to notify Defendant of their intent to admit such evidence so that the

matter can be considered by the Court outside the presence of the jury.

**8.  Conduct During Litigation**

Defendant seeks an order precluding Plaintiffs from introducing any evidence of Defendant's conduct during litigation. Absent specificity as to the conduct that Defendant wishes to preclude, the Court will reserve ruling until the context of its request is more fully developed.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion in Limine (1) to exclude evidence regarding its CUP process is **DENIED**.

2. Defendant's Motion in Limine (2) to exclude argument that Defendant violated Idaho's Open Meetings Act is **GRANTED** to the extent that Plaintiff may seek to argue or offer evidence that the County Commissioners improperly conducted business in executive sessions; Plaintiffs will, however, be permitted to request reconsideration if the evidence at trial supports a contrary conclusion. The motion is **RESERVED** as to other evidence that the County Commissioners or county employees violated the Open Meeting Act.

3. Defendant's Motion in Limine (3) to exclude evidence or argument that Defendant is responsible for actions by opponents of Alamar is **GRANTED**

in part and **DENIED** in part. Plaintiffs are precluded from arguing that Defendant improperly permitted opponents of Alamar from voicing their opposition, but Plaintiffs will be allowed to present evidence of the non-parties' actions in opposing Alamar.

4. Defendant's Motion in Limine (4) regarding the Charney privileged documents is **GRANTED**.

5. Defendant's Motion in Limine (5) regarding e-mails referencing comments purportedly made by Patti Burke is **RESERVED** until trial, when the context of the evidence and Defendant's objection is apparent.

6. Defendant's Motion in Limine (6) to exclude newspaper articles is **GRANTED** to the extent that Plaintiffs must notify Defendant of their intent to use or refer to any newspaper article outside of the jury's presence; otherwise, the Court's ruling on Defendant's motion is **RESERVED** until trial.

7. Defendant's Motion in Limine (7) to exclude unrelated claims, proceedings, or lawsuits is **GRANTED** to the extent that Plaintiffs must notify Defendant of their intent to admit such evidence, outside the presence of the jury; otherwise, the Motion is **DENIED** without prejudice.

8. Defendant's Motion in Limine (8) regarding conduct during litigation is **RESERVED** until trial.



DATED: **December 5, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION & ORDER ON
DEFENDANT'S MOTIONS IN LIMINE (DKT. 113) - 10**