UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTIONS TO EXCLUDE (Dkts. 93, 94)** |

Before the Court are Plaintiffs' Motions in Limine (Dkts. 93, 94) asking that the Court preclude (1) testimony from the Pereidas, and (2) evidence and argument that Plaintiffs assumed the risk that Defendant would unlawfully discriminate. The motions have been fully briefed. The Court being familiar with the record and pleadings will grant the motions in part, deny in part, and reserve ruling in part, as explained below.

**ANALYSIS**

**1.     Motion to Preclude Testimony From the Pereidas**

Ralph "Rip" and Chrystal "Chrys" Perieda testified at public hearings in front of, and submitted materials to, Boise County regarding the Alamar Ranch project. Plaintiffs

have been unable to serve the Pereidas with subpoenas for documents and their deposition testimony, and they appear to be avoiding service. Plaintiffs ask the Court to preclude them from testifying at trial, and to preclude any testimony from them during hearings in front of Boise County, as well as any materials they submitted to Boise County.

Defendant does not oppose the motion in so far as it seeks to preclude the Pereidas from testifying at trial. That portion of the Plaintiffs' motion will therefore be granted.

Defendant objects, however, to the extent Plaintiffs ask the Court to exclude relevant portions of the record submitted to Boise County for review of the Alamar Ranch application. The Court sees no basis to exclude portions of the record considered by Boise County in rendering its decision simply because Plaintiffs have been unable to take the Pereidas' depositions. On the other hand, the Court will instruct the jury that the testimony of the Pereidas submitted to Boise County for review of the Alamar Ranch application is not to be considered for the truth of the matters set forth therein, but only for the effect, if any, it may have had upon Boise County in its decision-making process. If circumstances suggest that it should, the Court will also advise the jury that the Pereidas have apparently sought to avoid being served with a subpoena which would have compelled their attendance at a deposition during which their testimony before Boise County could be subjected to cross-examination.

2.  **Motion In Limine to Exclude Evidence and Argument That Plaintiffs Assumed the Risk That Defendant Would Unlawfully Discriminate**

Plaintiffs ask that Defendant be precluded from arguing or presenting evidence from two of Boise County's experts, Michael Jones and Peter Butler, opining that Plaintiffs should not have purchased or invested in the Alamar Ranch property because of the risks inherent in the CUP process. Plaintiffs argue that such testimony implies that Plaintiffs "assumed the risk" that Boise County would unlawfully discriminate. Plaintiffs argue that, accordingly, the expert testimony must be precluded because it clearly contradicts established law that the assumption of the risk doctrine does not apply in a Fair Housing Act case.[1]

Defendant responds that it has no intention of arguing that Plaintiffs should have assumed the risk of unlawful discrimination, but that Plaintiffs' motion is much broader in the evidence and argument it seeks to preclude. Defendant argues that the risk assumed by Plaintiffs was in purchasing and investing in the property without conditioning the purchase on obtaining zoning sufficient to meet the needs of the project. Defendant cites two other district court cases addressing this concept in the context of the Fair Housing Act, *Woodfield Equities, LLC v. Incorp. Village of Patchogue*, 357 F.Supp.2d 622, 636 (E.D. N.Y. 2005) and *South Camden Citizens in Action v. New Jersey Dept. Of Environmental Protection*, 145 F. Supp.2d 446, 501-02 (D. N.J. 2001).

---

[1] Plaintiffs also raise objections to the admissibility of the Butler and Jones opinions under Fed. R. Evid. 702. As Plaintiffs acknowledge, these arguments are duplicative of Plaintiffs' arguments in separate motions in limine as to both expert opinions, and are addressed in the Court's Memorandum Decision and Order on Motions in Limine re: Defendant's Experts Peter Butler (Dkt. 103) and Michael Jones (Dkt. 106), and Plaintiffs' Expert Charles Wilhoite (Dkt. 114).

The Court agrees with Plaintiffs that an "assumption of the risk" defense is inapplicable in a Fair Housing Act case. However, Defendant has not asked for an "assumption of the risk" instruction, and does not appear to be raising it as a defense. Rather, Defendant's argument – albeit loosely termed as assumption of the risk – goes to Plaintiffs' responsibility for taking risks which resulted in injuries not related to any discriminatory decision. *See, e.g., McKay v. Boise Project Bd. of Control*, 111 P.3d 148, 157 (Idaho 2005) (acknowledging that assumption of the risk does not apply in negligence cases in Idaho, but that the terms "assuming the risk" can apply beyond the context of the legal doctrine of assumption of the risk).

Obviously, there are circumstances where an application for a resident treatment facility for the handicapped may be turned down for reasons quite unrelated to the characteristics of the residents of the proposed facility. Non-compliance with setback requirements, non-discriminatory density limitations, adequate fire protection requirements, and applicable building codes are but a few examples of non-discriminatory reasons which may justify a local government in denying such an application.

As in the Court's decision regarding limits on experts' testimonies opinions (Dkt. 169), the Court considers how the evidence Plaintiffs seek to exclude here would arise in the context of trial. Ultimately, the jury will need to determine whether the County's conduct was motivated by discriminatory reasons or by legitimate, non-discriminatory zoning requirements. If the jury determines that the Alamar Ranch development would

have been approved, but for the County's discriminatory animus, then evidence that the Plaintiffs should have proceeded with caution and not committed to purchase the property until they had a CUP in hand would conflict with the remedial provisions of the FHA. On the other hand, if the jury ultimately determines either (1) that the County was not motivated by discriminatory animus or (2) that, if its intent was discriminatory, the project would have nevertheless been denied for legitimate non-discriminatory reasons, the jury will never reach the issue of damages and testimony concerning the Plaintiffs; failure to proceed with caution would not be relevant.

Resolving this issue on a motion in limine poses an obvious challenge. The Court does not have such familiarity with the facts of the case or the parties' factual and legal theories to be able to predict with certainty that the case will lay out as simply as the foregoing analysis suggests. The Court has tentatively excluded testimony by Butler regarding mitigation of damages, but invited Plaintiffs to re-raise the issue at trial, noting the same concerns expressed here. *Order*, Dkt. 169 at 5. In light of these concerns, the Court will reserve ruling on Plaintiffs' motion to exclude "assumption of risk" testimony until the trial is underway and it has had an opportunity to hear counsel further on this issue.

## ORDER

IT IS ORDERED:

1. Plaintiffs' Motion in Limine to Prohibit Testimony from the Pereidas (Dkt.

93) is **GRANTED** in part, and **DENIED** in part. The Pereidas may not be called as witnesses to testify at trial. However, their testimony and submissions to Boise County for review in connection with the Alamar Project is not precluded if otherwise admissible.

2. The Court's Ruling on Plaintiffs' Motion in Limine to Preclude Argument and Evidence of Justifications for Imposing Conditions Which Were Not Stated in the Decision and Order (Dkt. 90) is **RESERVED**.

DATED: **December 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge