UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>          Plaintiffs,<br><br>   v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>          Defendant. | Case No.  1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTIONS TO EXCLUDE ARGUMENT AND EVIDENCE (Dkts. 89, 90)** |

Before the Court are Plaintiffs' Motions in Limine (Dkts. 89 & 90) asking to preclude the Defendant from introducing argument and evidence: (1) that Plaintiff had previously agreed to certain conditions of approval; and, (2) of any justification not stated in the Boise County Commissioner's written Decision and Order regarding the conditions imposed in granting Plaintiffs' application for Conditional Use Permit (CUP) permit. Plaintiff argues that both types of evidence are irrelevant and/or unduly prejudicial under Fed. R. Evid. 401 & 403.  Defendant objects that this evidence – essentially part of the historical record of the CUP proceedings – is highly relevant and probative to defend

against Plaintiffs' allegations that Defendant discriminated against Plaintiffs through the process and with its final Decision and Order on the CUP, and that Plaintiffs' objections go to the weight of the evidence, not its admissibility. The motions have been fully briefed. The Court being familiar with the record and pleadings will deny the motions.

## ANALYSIS

1. **Motion to Preclude Argument That Plaintiffs Previously Agreed To Certain Conditions**

Condition No. 27 of the Boise County Commissioner's approval of the Alamar Ranch CUP required that Alamar Ranch submit a transportation plan that included, among other things, a "second ingress and egress from Alamar that does not use the existing bridge over Grimes Creek that allows two-way traffic at all times of the year." *Decision and Order*, April 21, 2008 (Dkt. 104, Ex. 12, at 23).

Plaintiffs move to preclude Defendant from presenting argument or evidence that Alamar Ranch had "previously agreed to the condition regarding the secondary road and bridge" as Defendant similarly argued in opposition to Plaintiffs' Motion for Partial Summary Judgment. *Def. Opp'n*, Dkt. 90 at 1 (*citing* Dkt. 59 at 19 - 20). Plaintiffs argue that Defendant should not be permitted to make this argument in front of the jury in support of Defendant's contention that the condition was reasonable because the argument is irrelevant, incorrect or misleading, and is unduly prejudicial for several reasons.

Plaintiffs first argue that ultimately, the applicable safety organization – the

Wilderness Ranch Fire Protection District (WRFPD) – agreed that a secondary bridge was unnecessary, and that an alternative secondary access road that Alamar Ranch had proposed, presumptively a less onerous requirement, would suffice to address safety concerns.  Next, Plaintiffs dispute the fact that Alamar Ranch agreed at all to the secondary road access and bridge ultimately imposed by the County which was to be "accessible 24 hrs. per day, 365 days each year" and be a "PCU Collector Road."  Dkt. 89 at 3 (*citing Banducci Aff.*, Dkt. 104, Ex. 12, at 11).  Finally, Plaintiffs argue that Defendant improperly implies that Alamar Ranch breached promises made to the Planning and Zoning Commission when Alamar Ranch presented the secondary road access alternative to the Boise County Commissioners during their de novo review of the Planning and Zoning Commission's decision.  Plaintiffs argue accordingly that this argument and any evidence on this point should be excluded under Fed. R. Civ. P. 401 and 403.

      Defendant disputes Plaintiffs' rendition of the facts as to whether or not Alamar Ranch agreed to the secondary road access and secondary bridge condition, and argues that this fact is highly probative of Defendant's defense that Condition 27  was not motivated by discrimination but rather was imposed in reliance upon previous representations by or agreements with Alamar Ranch.

      The Court agrees that the argument and evidence Plaintiffs seek to preclude appears to be highly probative of Defendant's motive and therefore admissible under Fed.

R. Evid. 401. The Court disagrees that the probative value of the evidence is outweighed by its potential prejudice at this stage. Plaintiffs have put forth no argument explaining exactly how the evidence is prejudicial beyond disputing the truth of the facts, or their relevance to Plaintiffs' claims, both of which are in dispute and matters for the jury to determine. The Court agrees that Plaintiffs' objections go to the weight of the evidence, not its admissibility. Accordingly, the Court will deny Plaintiffs' motion under Fed. R. Evid. 401 and 403.[1]

## 2. Plaintiffs' Motion in Limine to Preclude Argument and Evidence of Justifications For Imposing Conditions Which Were Not Stated in the Decision and Order

Plaintiffs ask the Court to preclude Defendant from "arguing or presenting any evidence of justifications for imposing conditions of approval on Alamar Ranch that were not stated in the April 21, 2008, Decisions and Order of the Boise County Board of Commissioners." *Pl. Mot.*, Dkt. 107 at 1. Plaintiffs argue that any justifications not set forth in the written decision are "post facto" and are irrelevant under Fed. R. Evid. 401 and 402, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Plaintiffs also argue that any

---

[1] In their Reply, Plaintiffs suggest that their original motion sought only to preclude Defendant from arguing that Plaintiffs breached a promise, or otherwise improperly submitted an alternate secondary road access plan to the County Commissioners upon their *de novo* review of the Planning and Zoning decision. Clearly Defendant would not be permitted to make argument to the jury which would misrepresent the nature of a *de novo* review hearing. The Court sees no evidence that this is Defendant's intent. Moreover, the fact that Plaintiffs were entitled to a *de novo* review, or to submit additional proposals, does not limit argument regarding Boise County's potential reliance on prior representations or statements in setting the conditions of approval.

**MEMORANDUM DECISION & ORDER ON PLAINTIFFS'**
**MOTIONS TO EXCLUDE (DKTS. 89 & 90) - 4**

"legitimate and nondiscriminatory reasons" should have been stated in open meetings and in the Decision and Order as pursuant to the Idaho Open Meetings Law. I.C. § 67-2340 ("formation of public policy is public business and shall not be conducted in secret.") Accordingly, Plaintiffs argue, that Defendant cannot rely on any justifications that were not part of the public record.

Defendant responds generally that there is no legal authority to limit Defendant's presentation of the evidence in its defense to what was expressly contained in its written decision, and that Plaintiffs' argument again goes to the weight and credibility of the evidence, not its admissibility.

Plaintiffs list eight specific additional justifications not contained in the written Decision and Order which Defendant should be precluded from arguing. The Court will first address the argument that the evidence should be precluded as violative of the Idaho Open Meetings Law, and then address any remaining arguments by category.

> **A.     *Evidence Of Additional Justifications Is Not Inadmissible As Violative Of The Idaho Open Meetings Law***

Plaintiff argues that Defendant should be precluded from arguing any justification for the conditions of approval not set forth in the written Decision and Order because such justifications would be violative of the Idaho's Open Meetings Law. Plaintiffs cite no legal authority for their position. Defendant responds that such challenges to Idaho's Open Meeting Law must be filed under Idaho Code § 67-2347, for which the statute of limitations has now passed.

**MEMORANDUM DECISION & ORDER ON PLAINTIFFS'
MOTIONS TO EXCLUDE (DKTS. 89 & 90) - 5**

The Court addressed a similar issue in its Memorandum Decision and Order on Defendant's Motion in Limine (Dkt. 113). In that decision, the Court distinguished between using a violation of the Open Meeting Act as evidence of a FHA violation, and using such a violation as a separate claim for relief under the Open Meeting Act. That same distinction is relevant here.

Nevertheless, the Court is unpersuaded that the County's failure to list each and every consideration for a condition of approval within the written Decision and Order in fact violates the Idaho Open Meetings Law, I.C. § 67-2340, and therefore should be excluded. Granting such a motion would amount to imposing a sanction on the Defendant for violating the law. Neither party has cited any legal authority for or against the argument. There does not appear to be authority in Idaho on the issue other than the plain language of the statute. The plain language of the statute Plaintiffs relies upon states:

> [A]ll meetings of a governing body of a public agency shall be open to the public and all persons shall be permitted to attend any meeting except as otherwise provided by this act. No decision at a meeting of a governing body of a public agency shall be made by secret ballot.

I.C. § 67-2340.

A "meeting" is defined as "the convening of a governing body of a public agency to make a decision or to deliberate toward a decision on any matter." I.C. § 67-2341(6). A "decision" is defined as:

> [A]ny determination, action, vote or final disposition upon a motion, proposal,

**MEMORANDUM DECISION & ORDER ON PLAINTIFFS'
MOTIONS TO EXCLUDE (DKTS. 89 & 90) - 6**

> resolution, order, ordinance or measure on which a vote of a governing body is required, at any meeting at which a quorum is present, but shall not include those ministerial or administrative actions necessary to carry out a decision previously adopted in a meeting held in compliance with sections 67-2342 through 67-2346, Idaho Code.

I.C. § 67-2341(1). The plain language of the statute does not obviously and plainly create the requirement Plaintiffs advocate. For these reasons, the Court denies Plaintiffs' request that the Court preclude the argument and evidence regarding additional justifications based upon a violation of the Open Meetings Law.

> **B.** *Commissioner Day's Testimony At Deposition That Certain Justifications Advanced By Opponents Of Alamar Were Not Considered By Nor Important To The County In Its Decision, Does Not Support Preclusion*

Plaintiffs argue that Defendant should be precluded from arguing that the County's decision was justified by testimony, complaints or concerns raised by opponents of the project and made part of the record at the Planning and Zoning level, but not included within the final written Decision and Order. Specifically, Plaintiffs seek to preclude Defendant from presenting any evidence or argument (1) attacking the qualifications of the staff and developer to manage the facility, (2) that Alamar Ranch was not a religious, Christian or faith-based program, (3) that Alamar Ranch was for profit, or (4) regarding the nature of the program "such as the disciplinary methods that might or could be employed, the quality of the program, the student to staff ratio, the sex of the residents, the cost of attending the program, opportunities for the residents of Alamar Ranch to contact their family members, any specific therapeutic or administrative elements of the

program, etc." *Pl. Mot.*, Dkt. 107 at 6 - 7.

Plaintiffs argue that, because Boise County Commissioner Terry Day testified that none of these "justifications" were considered important or even relevant to the Boise County in issuing its Decision and Order, Defendant should not be permitted to advance them as justifications for the conditions imposed upon Alamar Ranch.

Defendant objects to Plaintiffs' motion on the basis that there is no requirement that every justification be set forth in the written decision. Defendant argues that the Board considered thousands of pages of submissions from proponents and opponents of the project including appellate briefs from both Alamar Ranch and opponents of the project, and numerous reports from government agencies, lawyers and experts hired by Alamar. Defendant points out that the Board's written decision states, in part:

> The record in this case is extensive. The Board advised the Applicant and the public that it would be considering all of the testimony and documentation submitted to the Planning and Zoning Commission, as well as all of the testimony and documentation presented to the Board in support of or in opposition to the appeal. This includes a written transcript of the Planning and Zoning Commission hearings, legal briefs and rebuttals filed by the Applicant and the Opponents and hundreds of pages of communications, exhibits and documents.

*Decision and Order*, Dkt. 104, Exh. 12, at 2. Finally, Defendant argues that Plaintiffs' argument is really tantamount to precluding any argument or evidence on the basis that it may be inconsistent with a witness's testimony, which is not a proper basis to exclude evidence. The Court agrees. The evidence of the CUP proceeding considered by the County is probative of the County's decision-making process, which Defendant must

present in order to defend the allegations of a discriminatory motive for its conditions of approval of Alamar Ranch's CUP. Fed. R. Evid. 401 and 402. To the extent the County advances justifications not set forth in the written Decision and Order, Plaintiffs can attack their credibility and weight based on the failure to include those justifications in the final decision.

Plaintiffs also argue with respect to the fact that Alamar Ranch was for-profit, that the probative value of any evidence on this point is substantially out-weighed by its potential prejudice because of "sinister insinuations spun" from this fact. The Court disagrees and therefore will deny Plaintiffs' motion also under Fed. R. Evid. 403.

### C. Boise County's Belief That The FHA Did Or Did Not Apply Is A Question Of Fact For The Jury

Plaintiffs argue that because the County's attorney knew that the Fair Housing Act applied to the Alamar Ranch CUP application, and advised the County that it would need to make an accommodation if it found that Alamar Ranch did not comply fully with the zoning standards, the County should not be allowed to argue differently about its knowledge of the application of the Fair Housing Act. Plaintiffs do not provide any legal authority or analysis for their argument. The Court finds that Plaintiffs' argument regarding what the County Commissioners knew or did not know appears at this stage to be arguing questions of fact for the jury to determine, and to go to the weight of the evidence, not its admissibility.

### D. Reynolds' And Lemberes' Testimony May Be Admissible As Expert

*Testimony So Long As Their Testimony Complies With Rule 702*

Plaintiffs seek to preclude expert testimony from William Reynolds, a former member of the Board of Directors for Clear Creek Volunteer Fire Department, regarding a meeting wherein this fire department determined that utilizing only one ingress/egress from Alamar Ranch was not safe. Plaintiffs argue that the Clear Creek Volunteer Fire Department did not have jurisdiction over the Alamar Ranch project, the meeting was held nearly a year before the County's decision, and there is no evidence that the determination was considered by the County. Accordingly, Plaintiffs argue, the evidence is irrelevant.

Likewise, Plaintiffs attempt to preclude Boise County expert opinion by Andrew Lemberes regarding the reasonableness of another condition for approval – that the developer maintain, onsite, a fire suppression vehicle. Lemberes testified that this requirement "is consistent with custom, practice and general requirements of fire safety" and that the condition is reasonable and not excessive in his opinion. Plaintiffs argue that his opinion should be excluded because he does not state specifically what standards he applied other than "fire safety," and because the Boise County Commissioners did not rely on any "fire safety" guidelines in rendering their Decision and Order. Accordingly, because the justification was not actually considered, or relevant to the County Commissioners in their decision, it should be precluded as irrelevant.

Defendant responds that both expert opinions are admissible because they will

assist the trier of fact in understanding the evidence on a fact issue – that is whether or not the County's conditions for approval regarding ingress/egress and the onsite fire suppression vehicle were reasonable from a fire-safety standard, and not based on a discriminatory motive. The Court agrees.

The well-known standard for the admissibility of expert testimony is set forth in Fed. R. Evid. 702. First, evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, – F.3d – , 2010 WL 1660303, *3 (9th Cir. 2010)(*amending* 598 F.3d 558); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id*. at *4 (Internal quotations and citation omitted). Although Plaintiffs do not attack the expert opinions under Fed. R. Evid. 702, the Court has considered the relevance objections under the general relevance requirement as well as the expert testimony relevance requirements. *See* Fed. R. Evid. 401, 402 and 702. The Court finds that Plaintiffs' relevance objections to the expert opinion testimony are without merit. Clearly the determination by a fire expert would assist the trier of fact on this issue of fire safety. So long as the expert opinions comply with the remaining requirements of Fed. R. Evid. 702, a question not before the Court on this motion, they are admissible. The motions to preclude these portions of Defendant's expert's opinions will be denied.[2]

---

[2]Plaintiffs also included a specific category for "other irrelevant justifications." Plaintiffs advance similar arguments for this broad category for which the Court's general analysis as well as analysis under specific categories applies equally. The motion will be denied as to the "other irrelevant justifications" category on the same bases.

**MEMORANDUM DECISION & ORDER ON PLAINTIFFS'
MOTIONS TO EXCLUDE (DKTS. 89 & 90) - 11**

In their Reply, Plaintiffs adds that should the Court deny the motion in limine, it should instruct the jury that "such post hoc justifications are merely pre-textual and insufficient to rebut a showing that Boise County violated the Fair Housing Act." (Dkt.151, p. 3) (*citing Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46 (C.A.1 2000) ("Another method of establishing pretext is to show that [Defendant's] nondiscriminatory reasons were after-the-fact justifications, provided subsequent to the beginning of legal action."); *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994) ("evidence rebutting an employer's proffered legitimate reasons must allow a fact finder reasonably to infer that each of the employer's proffered nondiscriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).")

The Court is unwilling to give the requested instruction because it appears to be an unjustified and inappropriate comment on the evidence.

### E.  Time Considerations

Federal Rule of Evidence 403 allows the Court to consider "waste of time" and "needless presentation of cumulative evidence" as basis for precluding evidence.  The Court will allow Plaintiffs to re-raise the motions in limine regarding relevance, under Rule 403, if appropriate given the context of the evidence and time constraints of the trial. However, the Court also encourages the parties to enter into stipulations regarding the

presentation of the evidence of the CUP proceedings that are contained in the written documents to the extent possible in order to make efficient use of the time allotted for trial.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiffs' Motion in Limine to Preclude Evidence and Argument That Plaintiffs Agreed to Certain Conditions (Dkt. 89) is **DENIED**.

2. Plaintiffs' Motion in Limine to Preclude Argument and Evidence of Justifications for Imposing Conditions Which Were Not Stated in the Decision and Order (Dkt. 90) is **DENIED**.

DATED: **December 12, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge