UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAMAR RANCH, LLC, an Idaho limited liability company; and YTC, LLC, an Idaho limited liability company,<br><br>                Plaintiffs,<br><br>    v.<br><br>COUNTY OF BOISE, a political subdivision of the State of Idaho,<br><br>                Defendant. | Case No. 1:09-cv-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTIONS TO EXCLUDE EVIDENCE (Dkt. 91, 92)** |

Before the Court are Plaintiff's Motions in Limine (Dkts. 91 & 92), asking to preclude the Defendant from introducing evidence that: (1) Alamar Ranch could have been built elsewhere (Dkt. 91), and (2) regarding the sale of the property upon which the proposed RTC was to be built, (Dkt. 92). The motions are fully briefed. For the following reasons, the Court will grant Motion, Dkt. 91, and deny Motion, Dkt. 92.

## ANALYSIS

**1.    Motion in Limine Precluding Evidence That Alamar Ranch Could Have Been Built Elsewhere**

Plaintiffs assert the same argument in their Motion (Dkt. 103) to Exclude Butler's Opinion 2. As discussed in the Court's decision as to that motion, the Court finds at this time that evidence that Alamar could have been built elsewhere is not relevant. For the reasons more fully set forth in the Court's decision on Plaintiffs' Motion (Dkt. 113), Plaintiffs' Motion here will be granted; However, Defendant will be permitted to re-raise the issue at trial when the evidence and parties' legal arguments are more fully developed.

**2.     Motion in Limine Regarding Sale of the Property**

Plaintiffs ask the Court to prohibit any mention of the sale of the property to the jury "for any reason related to Plaintiffs' ability to recover on its [sic] claims." Plaintiffs reason that the Court has already denied Defendant's motion to dismiss for lack of standing on this basis, and Plaintiffs fear that Defendant will nonetheless attempt to argue the standing issue to the jury.

Obviously, Defendant cannot argue the Plaintiffs do not have standing to bring this claim under the Court's ruling on this issue as a matter of law. To the extent necessary, the Court grants this portion of the motion.

Plaintiffs' motion is over-reaching, however. The sale of the property is relevant to other issues pertinent to the defense – including causation and damages. The Court denies the motion to preclude "any mention of the sale of the property for any reason related to Plaintiffs' ability to recover on its claims."[1]

---

[1] In their Reply, Plaintiffs add a request that the Court preclude evidence of Plaintiffs' decision to sell the property at issue before the County's Decision and Order was issued. This additional request is

# ORDER

**IT IS ORDERED THAT:**

1. Plaintiffs' Motion in Limine Precluding Evidence That Alamar Ranch Could Have Been or Should Have Been Built Elsewhere (Dkt. 91) is **GRANTED**.

2. Plaintiffs' Motion in Limine Regarding the Sale of the Property Upon Which the Proposed RTC Was to Be Built (Dkt. 92) is **GRANTED** in part, and **DENIED** in part. Defendant is precluded from arguing that the sale of the property impacted Plaintiffs' standing to bring their claims or otherwise inconsistent with the Court's ruling set forth in its April 27, 2010 Memorandum Decision and Order (Dkt. 79). Otherwise, Plaintiffs' motion is denied at this time.

3. Plaintiffs' request to exclude evidence regarding the timing of Defendant's decision to sell the property at issue is **DENIED** at this time.

4. Plaintiffs' request to preclude Defendant from arguing that Plaintiffs broke their promise to Defendant is **DEFERRED** until trial.

---

denied for the same reasons stated above regarding the sale generally. Plaintiffs also add a request to prevent Defendant from arguing that Plaintiffs "broke their promise" to the County in selling the property. Defendant has not had the opportunity to respond to this argument, and the Court is unable to determine its significance at this time. Ruling on this objection is therefore deferred to trial.



DATED: **December 12, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION & ORDER ON PLAINTIFFS'
MOTIONS TO EXCLUDE (DKTS. 91 & 92) - 4**